**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001060
26-JUN-2015
08:17 AM**

NO. CAAP-11-0001060

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ANTHONY K. SELVAGE, Plaintiff-Appellee, v.
LAURA MOIRE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 08-1-0252)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth, J.
and Ginoza, J., concurring and dissenting)

Defendant-Appellant Laura Moire appeals from the
November 16, 2011 Findings of Fact, Conclusions of Law and
Divorce Decree ("Decree"), entered in the Family Court of the
Third Circuit, South Kohala Division ("Family Court").[1]  In
addition to granting Moire and Plaintiff-Appellee Anthony K.
Selvage a divorce, the Decree divided the couple's marital
property, and, among other things, credited Selvage with
$2,270,199.90 of Marital Partnership Property Category 3 assets
("Category 3 Credit Award") associated with Selvage's inheritance
of his parents' trust.[2]

---

[1]     The Honorable Melvin H. Fujino presided.

[2]     Five categories of net market value ("NMV") are utilized by the
family court in dividing marital assets.  *Kakinami v. Kakinami*, 127 Hawai'i
126, 147, 276 P.3d 695, 716 (2012) (citing *Cox v. Cox*, 125 Hawai'i 19, 26, 250
P.3d 775, 782 (2011)).  Category 3 (Marital Partnership Property) includes
"[t]he date-of-acquisition NMV, plus or minus, of property separately acquired
by gift or inheritance during the marriage but excluding the NMV attributable
to property that is subsequently legally gifted by the owner to the other
spouse, to both spouses, or to a third party."  *Id.* at 147 n.3, 276 P.3d at
(continued...)

Without expressly challenging any specific findings of fact ("FOF") or conclusions of law, Moire raises three points of error on appeal, asserting that the Family Court erred by: (1) failing to deduct inheritance-related litigation expenses from Selvage's Category 3 Credit Award; (2) including the trust income and interest that Selvage received after his mother's death in its calculation of the Category 3 assets; and (3) failing to deviate from the Partnership Model.[3/]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Moire's points of error as follows and affirm:

(1) The Family Court did not abuse its discretion[4/] by failing to deduct inheritance-related litigation expenses from Selvage's Category 3 Credit Award.

Prior to the final distribution, Selvage engaged in several inheritance-related legal disputes with his sister over what he alleged to be the wasting of trust assets for which he incurred approximately $385,000 in costs and fees. According to Selvage, these expenses were incurred at the express encouragement of Moire. Selvage paid the expenses with trust funds, which he requested and received from the trust.

Moire does not contest that the inheritance was a Category 3 asset, or that Selvage should receive a credit for the bulk of it. Rather, she contends that the litigation expense portion did not "contribute" to the couple's marital partnership

---

[2/] (...continued)
716 n.3 (quoting *Cox*, 125 Hawai'i at 26, 250 P.3d at 782). "Generally, assuming all valid and relevant considerations are equal, the Category 1 and 3 NMVs are the partner's contributions to the Marital Partnership Property that are repaid to the contributing spouse[.]" *Id.* at 147, 276 P.3d at 716 (quoting *Cox*, 125 Hawai'i at 26, 250 P.3d at 782) (internal quotation marks omitted).

[3/] Although Moire initially raised an additional point of error in her opening brief related to an inheritance from Selvage's father, she later withdrew the point, so we do not discuss it here.

[4/] Because property division "is discretionary with the trial court," it "will not be disturbed on review unless abuse of discretion is clearly shown." *Baker v. Bielski*, 124 Hawai'i 455, 458, 248 P.3d 221, 224 (App. 2011) (quoting *Farias v. Farias*, 58 Haw. 227, 231, 566 P.2d 1104, 1108 (1977)).

and should therefore be deducted from Selvage's Category 3 Credit Award.[5]

Hawaiʻi courts have never held that an inheritance's NMV reflects the inheritance minus any acquisition or maintenance costs. Upon divorce in such cases, Hawaiʻi law requires only that, if all valid and relevant considerations are equal, Category 3 NMVs are repaid to the contributing spouse. *Hussey v. Hussey*, 77 Hawaiʻi 202, 207, 881 P.2d 1270, 1275 (App. 1994), *overruled on other grounds by State v. Gonsalves*, 91 Hawaiʻi 446, 984 P.2d 1272 (App. 1999).

Moire does not contend that the litigation expenses were unreasonable or represented waste, or that the expenses and resulting acquisition of the asset occurred outside the marital partnership.[6] Therefore, apart from the issue of whether the valid and relevant considerations were unequal (which Moire addresses in her third point of error), the Family Court did not abuse its discretion in declining to deduct the litigation expenses from Selvage's Category 3 Credit Award, and Moire's first point of error fails.

(2) Moire's second point of error relates to trust distributions between 2004 and 2010 that are referred to in Selvage's exhibit as "Trust income," which Moire contends should have been recognized as a Category 4 asset and not a Category 3 asset. This is so, according to Moire, because "there was [an] increase in the value of the [trust] corpus through income and interest BEFORE [Selvage] finally had possession of the corpus," which should be treated as a Category 4 asset. We disagree.

Moire correctly states the point of law, but fails to

---

[5] Moire's argument to the Family Court was even more limited. Citing no authority for the proposition that NMV requires deduction of any acquisition or maintenance costs, she contended simply that "the marital estate should not be taxed with the cost of [Selvage] securing the very funds he is seeking to be awarded solely." Contrary to what she now argues on appeal, Moire proposed instead that the litigation expenses should be included as a marital asset and assigned to Selvage.

[6] A marital partnership exists until the date of the conclusion of the evidentiary part of the trial. *See Jackson v. Jackson*, 84 Hawaiʻi 319, 335, 933 P.2d 1353, 1369 (App. 1997). Here, the evidentiary part of the trial concluded on April 4, 2011, which was subsequent to the determination of the trust inheritance.

establish that the trust distributions in question, although denominated as "Trust income," represented anything other than periodic distributions to Selvage of the trust corpus. Nothing in the exhibit to which Moire refers establishes that any of the distributions reflect an increase in the value of the trust corpus after its acquisition by Selvage on the dates stated in the exhibit.

Although Moire contends that Selvage's interest in the trust vested in early 2004 when Selvage's mother passed away, she also acknowledges that Selvage "finally [took] possession of the [trust] corpus" in October 2010. Moire provides no authority, and we are unaware of any, to support the proposition that Selvage could have "acquired" the trust assets prior to receiving them through draws or distribution. Moreover, Moire does not demonstrate that the Family Court disregarded the net market value of trust assets distributed to Selvage. Therefore, the Family Court did not abuse its discretion in not excluding any increase in the value of the inheritance corpus before its acquisition by Selvage.

(3) In her third point of error, Moire contends that the Family Court (a) abused its discretion in not deviating from the Partnership Model[7] when it divided the marital property,[8] and that it (b) erred when it made no findings "as to whether there were facts present which authorized a deviation from the [P]artnership [M]odel."

(a) Whether the facts presented at trial constituted

---

[7]    "Under the Partnership Model, absent valid and relevant considerations [], each partner is generally awarded his or her capital contribution, while the appreciation is split fifty-fifty." *Kakinami*, 127 Hawai'i at 130 n.4, 276 P.3d at 699 n.4.

[8]    Moire argues that the Family Court should have considered five factors: (1) Moire "was a practicing doctor but only [earned] about $6,666 per month," was limited by a hand injury, and had invested the compensation that she had received for the injury "into the Hawaii house (which the trial court ultimately awarded to [Selvage])"; (2) Moire would be "homeless" if Selvage were awarded both houses; (3) an award to Selvage of Category 3 marital partnership property credit would "eat up" an otherwise fair distribution of marital assets; (4) the length of the marriage "justified a more equitable distribution of non-Category 3 property"; and (5) "[a]n award of the [Mountain View, Hawai'i] home to [Moire] would have been equitable and left [Selvage] with still over $2,000,000 in assets and a home in California."

valid and relevant considerations ("VARCs") warranting deviation from the Partnership Model is a matter of law which we review under the right/wrong standard. *Schiller v. Schiller*, 120 Hawai'i 283, 287, 205 P.3d 548, 552 (App. 2009) (quoting *Jackson v. Jackson*, 84 Hawai'i 319, 332-33, 933 P.2d 1353, 1366-67 (App. 1997)). Of the five factors that Moire raises on appeal, she only addressed the first, third, and fourth, even briefly, to the court below.[9] Argument as to the second and fifth factors, therefore, is waived.[10] Haw. R. App. P. 28(b)(7); *Cox*, 125

---

[9] Moire's deviation argument below was limited to a single paragraph in each of her written closing argument and the subsequent responsive closing argument. In its entirety, the argument in the written closing argument read:

> Wife is lastly asking for deviation. As has been testified to, this was a very long marriage with substantial assets at stake. Wife worked and paid the bills, and when could not, paid them with her disability settlement. Husband was a working musician who testified he took care of the home and family while Wife paid the bills. If Husband's requests are followed, it will result in Husband receiving all, or a disproportionate share of the marital estate, generally and in consideration of the efforts of the parties to create that estate. Hawaii law requires the distribution to be equitable, and does not limit the Court to an equal division, just as it does not mandate that the return of category one or three is mandatory if equity demands otherwise. In the present instance equity requires that both parties share in the fruits of their labor and that the property division reflect that. Wife is asking the Court to deviate from standard partnership principles if such is necessary to effect an equitable result.

In relevant part, the argument in the responsive closing argument read:

> Defendant further requests the Court to view the attached property division chart as fair based upon the position the parties will be left in at the conclusion of this case. If Plaintiff's position is accepted, after a 26 year marriage in which Wife worked and provided, Wife will be left with nothing but debt, and Husband will have approximately $3,000,000 in cash, equities, and real property. This Court . . . has the discretion to issue awards which will take into account the condition each party will be left in at the conclusion of the case.

[10] Moire did argue, however, that it would be inequitable to award Selvage both the Topanga Canyon, California and the Mountain View, Hawai'i residences. In fact, the dissent contends that the award of both residences indicated an inequity constituting a VARC. We disagree. The Family Court found that the Topanga Canyon residence was purchased by Selvage prior to the marriage, and was thus his sole and separate property. As for the Mountain View residence, Selvage testified that he had lived in Hawai'i for more than twenty years, and the parties stipulated that Selavage was living in Hawai'i for at least six months prior to the filing of the divorce complaint. Moire testified that she was currently employed in a California hospital, but provided little to no testimony or any other evidence as to her current residence other than that she "fe[lt]" she lived part-time in Hawai'i and that
(continued...)

Hawai'i at 26, 250 P.3d at 782.

As to the first factor, Moire claimed that the compensation that she received for her hand injury was "invested into the Hawaii house (which the trial court ultimately awarded to [Selvage])." Money being both liquid and fungible, however, Moire does not point to anywhere in the record where those investments are demonstrated. Furthermore, Moire failed to provide evidence that her hand injury limited her current ability to work, or that her current earning capacity would leave her in a disadvantageous condition relative to Selvage.

As to the third factor, Moire argued that she would be left with "nothing but debt" while Selvage would have approximately $3,000,000 in property, and attached a property division chart indicating that the initial division would leave her $49,484.39 in debt. Neither Moire's characterization of her status nor her property division chart, however, prove accurate.

When determining whether VARCs exist that authorize the family court to deviate from the Partnership Model, the family court must consider a number of factors listed in Hawaii Revised Statutes ("HRS") § 580-47(a), including "the respective merits of the parties, . . . the condition in which each party will be left by the divorce, . . . and all other circumstances of the case." *Gordon v. Gordon*, ___ Hawai'i ___, ___ P.3d ___ (2015), No. SCWC-12-0000806, 2015 WL 3540523, at *28 (Haw. June 4, 2015) (quoting Haw. Rev. Stat. § 580-47(a) (2006)). *See also, e.g.*, *Jackson*, 84 Hawai'i at 333, 933 P.2d at 1367 (quoting *Epp v. Epp*, 80 Hawai'i 79, 89, 905 P.2d 54, 64 (App. 1995)); *Jacoby v. Jacoby*, 134 Hawai'i 431, 447-48, 341 P.3d 1231, 1247-48 (App. 2014). The Hawai'i Supreme Court has recently clarified that "the court's analysis in deciding whether or not to apply a deviation should focus on the abilities of the parties and the circumstances in which each party will be left by the divorce."[11/] *Gordon*, ___

---

[10/] (...continued)
she had a primary residence in the state prior to receiving a restraining order.

[11/]    Moire testified that she was a practicing physician licensed in four states, whereas Selvage testified that he was an unemployed former
(continued...)

Hawai'i at ___, ___ P.3d at ___, 2015 WL 3540523, at *11.

In 2011, HRS § 580-47(a) was amended to specify that the family court must also consider "the concealment of or failure to disclose income or an asset[.]" *See* Haw. Rev. Stat. § 580-47(a) (Supp. 2011); *Gordon*, ___ Hawai'i at ___, ___ P.3d at ___, 2015 WL 3540523, at *6 n.8. Although this amendment did not have an effect on the Family Court's November 16, 2011 Decree,[12/] the 2011 amendment reflects the fact that the family court must rely upon the evidence it has before it, and that, when considering circumstances where a party has provided an incomplete record of assets and debts, the court should refrain from deviating. That principle applies here as well. Here, Moire did not provide credible evidence of an inequity justifying a finding of a VARC. While the Family Court did not make an express finding regarding inequity, it did find that there was no credible evidence for many of Moire's claimed assets and debts.

Furthermore, contrary to Moire's calculations, the Family Court (i) determined that the balance in her 401k account at the conclusion of the trial was approximately $10,000 more than Moire represented, and (ii) awarded the parties' joint Ameriprise account to Moire. Thus, the Family Court's property division did not leave Moire in "debt," as she received $66,278.87 after the initial division, and was left with $37,059.11 after the equalization payment.

Selvage's acquisition of a large amount of Category 3 credit is, by itself, not a VARC. *Cf. Kakinami*, 127 Hawai'i at 143, 276 P.3d at 712 (a Marital Separate Property inheritance "does not, without more, mandate deviation from the Marital Partnership Model." (quoting *Kakinami v. Kakinami*, 2011 WL 1836718, at *2 (Haw. Ct. App. May 11, 2011) (SDO)) (emphasis omitted)). Although Moire claimed that the result was inequitable, considering the court's findings that Moire failed

---

[11/] (...continued)
musician/composer.

[12/] *See* 2011 Haw. Sess. Laws Act 140, § 3, 5 at 356 (providing that although the Act had an effective date of October 1, 2011, it did "not affect . . . proceedings that were begun before its effective date.")

to provide credible evidence, we cannot say that the Family Court erred in not finding the alleged inequity to be a VARC. *Cf. Gordon*, ___ Hawai'i at ___, ___ P.3d at ___, 2015 WL 3540523, at *12 (holding that the family court abused its discretion in deviating from the partnership model after erroneously considering financial misconduct to be a VARC).

As to the fourth factor, the Family Court recognized the length of the parties' marriage as relevant, but correctly did not conclude that it amounted to a VARC. *See Jackson*, 84 Hawai'i at 334, 933 P.2d at 1368 (holding that the "shortness" of a marriage was not a VARC). "Other than relative circumstances of the parties when they entered into the marital partnership and possible exceptional situations . . ., HRS § 580-47(a) requires the family court to focus on the present and the future, not the past." *Id.* at 333, 933 P.2d at 1367 (quoting *Epp*, 80 Hawai'i at 89, 905 P.2d at 64 (App. 1995)). In sum, therefore, the Family Court did not err in failing to find facts sufficient to constitute VARCs.

(b) As to the second argument, the Partnership Model requires that the court "itemize" its "considerations" only *if* it first decides that the facts present VARCs authorizing deviation. *Schiller*, 120 Hawai'i at 287, 205 P.3d at 552 (quoting *Jackson*, 84 Hawai'i at 332, 933 P.2d at 1366). Nothing requires that a court make findings "as to whether there were facts present which authorized a deviation from the partnership model," as Moire contends.

Here, the Family Court set out what it deemed to be the relevant facts and proceeded from there to allocate the parties' assets and debts in accordance with the Partnership Model. Implicitly, then, it found no VARCs warranting deviation from the model. We know of no authority that requires a court to enter explicit findings if it finds no VARCS that warrant deviation, nor does Moire cite to any. Thus, the Family Court did not err when it made findings of relevant facts but did not enter express findings "as to whether there were facts present which authorized a deviation from the partnership model."

Therefore, we affirm the November 16, 2011 Findings of Fact, Conclusions of Law and Divorce Decree entered in the Family Court of the Third Circuit, South Kohala Division.

DATED: Honolulu, Hawaiʻi, June 26, 2015.

On the briefs:

Samuel P. King, Jr.
for Defendant-Appellant.

Peter Van Name Esser and
Brian J. DeLima
for Plaintiff-Appellee.

Presiding Judge

Associate Judge